# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

HEATHER and JUDD BARTLEY; )
JODENE LOPRESTO NEE )
VAUGHN; SARA OELKE; )
BOBBIE L. REED; SUSAN )
SCHNEBERGER; LACY STIDMAN; )
AMY VANZANT, )
                            )
    Plaintiffs, )
                            )
v. )   Case No. CIV-16-843-R
                            )
AIR METHODS CORPORATION; )
ROCKY MOUNTAIN HOLDINGS; )
LLC; EAGLEMED, LLC, )
                            )
    Defendants. )

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 31). Defendants have responded. (Doc. 40). Plaintiffs have replied. (Doc. 45). For the following reasons, Plaintiffs' Motion to Remand is DENIED.

## Discussion

This case is a proposed class action against Defendants for allegedly charging unreasonable rates for air ambulance services that were provided to Plaintiffs and purported class members. (Doc. 1). Plaintiffs filed this action in state court. (Doc. 1, Ex. 2). Defendants removed to federal court on the basis of subject matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and traditional diversity jurisdiction under 28 U.S.C. § 1332(a). Because the Court finds that it has jurisdiction

under CAFA, it need not address Defendants' arguments regarding traditional diversity jurisdiction.

Three requirements must be met for CAFA to confer subject matter jurisdiction on a federal court: "(1) the putative class meets certain diversity requirements; (2) the putative class is composed of over 100 members; and (3) the amount in controversy exceeds $5,000,000." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1245 n.1 (10th Cir. 2012); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 552 (2014). Defendant's notice of removal stated that all three jurisdictional elements were met. With respect to the amount in controversy, Defendants stated that the individual class members' claims easily aggregate to meet the $5 million CAFA requirement. They also provided estimates based on the figures offered by Plaintiff as to the average amount overcharged and the alleged number of class members. Now, Plaintiffs have motioned to remand on the basis that CAFA's $5 million jurisdictional threshold has not been met.

"To remove a case from a state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart,* 135 S.Ct. at 551 (citing 28 U.S.C. § 1446(a)). While traditional diversity of citizenship cases under § 1332(a) require an amount in controversy that exceeds $75,000, CAFA's monetary threshold is greater. In class actions under CAFA, "the matter in controversy [must] excee[d] the sum or value of $5,000,000." *Id.* (citing 28 U.S.C. § 1332(d)(2)). As for how to show that amount, the plaintiff's complaint may of course provide the basis for the amount in controversy if it "demands monetary relief of a

stated sum." *Id*. But, as in this case, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id*.

Here, Defendants have done just that. Their notice of removal estimates more than $17 million in controversy. (Doc. 1, at 8). Their estimates come from Plaintiffs' complaint, an acceptable method for establishing the amount in controversy requirement. *McPhil v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008) ("[T]he defendant may rely on an estimate of the potential damages from the allegations in the complaint in order to meet its burden to establish the amount in controversy."); *see also Frederick*, 683 F.3d at 1247 (holding that a defendant can establish the amount in controversy for purposes of CAFA "by calculation from the complaint's allegations." Nor does it matter, whereas here, the plaintiffs have failed to "specify the numerical value of the damage claim." *McPhil*, 529 F.3d at 956. The complaint's allegations may still be used to estimate an amount in controversy. *Id*.

Using those allegations, Defendants show grounds for removal because they have provided "an estimate of the amount that will be put at issue in the course of the litigation." *Frederick*, 683 F.3d at 1245. Plaintiffs' Petition seeks damages on behalf of "[a]ll patients or parents of minor patients transported by Defendants from a location in Oklahoma for a period of three years prior to the commencement of this action." (Doc. 1,Ex. 2, at 20). Drawing from the specific rates at which their named Plaintiffs were charged, Plaintiffs estimate that the average rate charged for air ambulance services to each Plaintiff "was more than $25,000." (*Id.* at 19). Based on the rates that Plaintiffs argue would have constituted "reasonable" rates for air ambulance services (certain Medicare reimbursement

3

rates and a rate determined by a Texas administrative law judge in September 2015), the alleged overcharge per plaintiff is anywhere from $17,184.67 and $21,503.25. (Doc. 1, at 7). Given the fact that Plaintiffs allege that "the proposed class would include thousands of class members," a thousand-person class would result in, at a minimum, more than $17 million in damages. The amount in controversy requirement is thus met for CAFA purposes.

Contending that Defendants have merely chosen to inappropriately "parrot" the Plaintiffs' own Petition, Plaintiffs complain Defendants have failed to show with any particularity that the amount in controversy has been met. Yet that particularity-requirement is not the law. As Plaintiffs themselves acknowledge, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart,* 135 S.Ct. at 554. Likely out of caution, Defendants in their Response include an affidavit from a Vice President explaining that over 7,200 patients were billed during the three-year class period proposed by Plaintiffs and that the charges for those 7,200 patients exceed $5 million.[1] This is acceptable under *Dart*, which rejected the argument that a legally deficient notice of removal "could not be cured by post-removal evidence about the amount in controversy." 135 S.Ct. at 552 (internal quotations omitted).

---

[1] Plaintiffs also seek injunctive relief barring Defendants from continuing to charge at their current rates. The value of that injunctive relief is an appropriate standard by which to measure the amount in controversy. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Defendants' affidavit also declares that the financial harm to Defendants would exceed $5 million if Plaintiffs were awarded their proposed injunctive relief. So whether from a perspective of damages or injunctive relief, Plaintiffs have established the amount in controversy.

Finally, even if this was a close question, the presumption of CAFA jurisdiction weighs in Defendants favor. Though there is a presumption in favor of remand in run-of-the-mill diversity cases, that presumption is flipped on its head in cases like these: "No anti-removal presumption attends cases invoking CAFA which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart,* 135 S.Ct. at 554.

Plaintiffs' Motion to Remand is therefore DENIED.

IT IS SO ORDERED this 6th day of December, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE